IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| CAROL MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-5037-CV-SW-ODS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security. | ) |
| | ) |

**ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS**

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security denying her application for disability and supplemental security income benefits. The Commissioner's decision is reversed, and the case is remanded for further proceedings.

Plaintiff filed a claim for disability and supplemental security income benefits in May 2006, alleging an onset date of December 22, 2005, due primarily to the effects of a prior back surgery. In August 2006, Plaintiff saw Dr. William Hughes for a consultative examination. Plaintiff told Dr. Hughes, among other things, that she suffered from chronic and blinding headaches that she described as migraines. On February 2, 2007, Plaintiff went to the emergency room complaining of migraines. While there are no records from that visit, Plaintiff went to Ozark Tri-County Health Care on February 20 and reported her emergency room visit of February 2. R. at 173-75. In August 2008, Plaintiff went to the Freeman Anderson Clinic, complaining of (among other things) migraines, for which she received Demerol injections. Plaintiff's headaches did not stop, however, until she received treatment for high blood pressure sometime later in 2008.

Thus, the Record suggests Plaintiff's headaches may have begun in 2006 and ended in 2008, but the Record does not indicate the frequency, duration, or severity of the headaches. Unfortunately, the ALJ did not address Plaintiff's migraines and the

Court is not permitted to independently examine the issue and come to a conclusion on its own.  E.g., Securities and Exchange Commission v. Chenery Corp., 318 U.S. 80, 88 (1943); Banks v. Massanari, 258 F.3d 820, 824 (8th Cir. 2001).  The case must be remanded to permit the ALJ to develop the Record and make factual findings regarding Plaintiff's claim that her functional capacity was affected by her migraines.

Inasmuch as the case is being remanded, the ALJ should also reconsider the decision that Plaintiff's mental and emotional condition imposed only mild limitations on her functional capacity.  The Court acknowledges a difference in opinion between Plaintiff's treating doctors (Dr. Novalany and Dr. Shah), and the ALJ is certainly free to believe one over the other.  However, even if Dr. Novalany is credited over Dr. Shah, it still seems Plaintiff has some limitations on her residual functional capacity.  Those limitations, alone, may not be severe, but should be considered in combination with any other limitations found by the ALJ when ascertaining Plaintiff's residual functional capacity.

Nothing herein is intended to suggest that Plaintiff's mental/emotional condition renders her disabled, nor is the Court suggesting anything about the severity or extent of Plaintiff's headaches.  These are matters for the ALJ to decide in the first instance.  The Commissioner's decision is reversed and the case is remanded so these matters can be considered.

IT IS SO ORDERED.

DATE: May 4, 2011

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT